## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

<u>Mosaic Technology Corporation</u>

    v.                                           Civil No. 05-cv-043-JM

<u>Internet Now Technologies, LTD</u>

### **O R D E R**

Defendant moves to vacate the default judgment entered against it.

### <u>Background</u>

The complaint was filed on February 8, 2005.  By letter of February 8, 2005 defendant's CEO (Ruiz) and CFO (Kaplan) were mailed copies of the complaint but were not served under Fed. R. Civ. P. 4.  Efforts continued to resolve the dispute over the next two and one-half months.  On April 27, 2005, service of the summons and complaint was made on defendant's CEO by certified mail.  The receipt was signed by Colleen Santiago who by affidavit says she gave the materials to Mr. Ruiz.

On April 28, 2005, service was made on defendant's appointed agent for service of process.  Defendant failed to file an answer.  On June 3, 2005 the clerk entered default and directed plaintiff to submit its motion for default judgment.  On June 15,

2005, pursuant to LR 55.1(a) plaintiff mailed a notice of default to defendant, to defendant's agent for service of process and to personal counsel of each of the corporate principals.  The motion for entry of default judgment was mailed to the same group on July 6, 2005.  Judgment was entered on July 15, 2005.  On the same day the very next docket entry is the motion to vacate default.

<u>Discussion</u>

The First Circuit's view is that "(b)ecause Rule 60(b) is a vehicle for 'extraordinary relief' motions invoking the rule should be granted 'only under exceptional circumstances.'" <u>Davila-Alvarez v. Escuela de Medicina</u>, 257 F.3d 58, 63-4 (1st Cir. 2001).  The test has four parts:

> To succeed on a Rule 60(b) motion, the movant must show that (1) the motion is timely, (2) exceptional circumstances justify granting extraordinary relief, and (3) vacating the judgment will not cause unfair prejudice to the opposing party.  In addition, the movant must show that granting the motion will not be an "empty gesture" by demonstrating that the underlying claim for relief (or defense) is likely to succeed on the merits.

<u>Caisse v. DuBois</u>, 346 F.3d 213, 215 (1st Cir. 2003) (citations omitted).  The rule itself references mistake and excusable neglect.

First, there is no doubt that service was made.  Ignoring all other service the service on the registered agent was made and defendant is bound by it.  Given the proximity of default judgment and the filing of the motion, timeliness and prejudice are not issues.  The "empty gesture", however, looms large.

Counsel baldly asserts that defendant has viable and meritorious defenses.  However, there is not one word in defendant's motion or memorandum or Mr. Kaplan's affidavit to support that assertion.  The assertion, by itself, is insufficient to demonstrate any likelihood of success on the merits.  In fact, plaintiff has submitted the affidavit of defendant's CEO showing that defendant owes the judgment.

The motion (document no. 14) is denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: August 19, 2005

cc:   David P. Eby, Esq.
      Robert E. McDaniel, Esq.