UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Mosaic Technology Corporation</u>

    v.                          Civil No. 05-cv-43-JM

<u>Internet Now Technologies, LTD</u>

**<u>O R D E R</u>**

Plaintiff Mosaic Technology Corporation moves for an order under 28 U.S.C. § 1963 directing that a certified copy of the judgment in this action be issued, and granting the Plaintiff permission to register the judgment in foreign jurisdictions (document no. 23).  Defendant has not filed an objection.

<u>Background</u>

On July 15, 2005, the clerk entered a default judgment in Plaintiff's favor in the amount of $708,848.44 plus pre-judgment interest of $12,429,12 (document no. 13).  Defendant moved to vacate the default judgment under Fed. R. Civ. P. 60(b) that same day (document no. 14).  Since the motion was filed within 10 days of the entry of the judgment, Defendant's motion to vacate tolled the period in which Defendant had to file a notice of appeal. <u>See</u> Fed. R. App. P. 4(a)(4)(A)(vi).

After reviewing the Defendant's motion to vacate and the Plaintiff's objection, this Court denied Defendant's motion by order dated August 19, 2005 (document no. 20).  On August 29, 2005, Defendant filed a motion for reconsideration or for relief under Fed. R. Civ. P. 60(b)(3) and (6).[1]  Plaintiff filed an objection (document no. 22), and then filed the instant motion (document no. 23).

## Discussion

The applicable statute provides in pertinent part that:

> A judgment in any action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

28 U.S.C. § 1963.  Plaintiff notes in its memorandum of law that the Defendant's time to appeal the default judgment would not expire until after September 19, 2005.  Plaintiff argues, however, that its motion should be granted because good cause exists for the issuance of a certified judgment and registration of the judgment in foreign districts under 28 U.S.C. § 1963.  Plaintiff relies upon the affidavit of its President Thomas

---

[1]Defendant's motion to vacate the default judgment was based on Rule 60(b)(1).

Desmit dated September 13, 2005.  <u>See</u> Ex. 2 to Pl.'s Mem. of Law in Support of Objection to Df.'s Mot. for Recons.

In his affidavit, Desmit states that his research reveals that Defendant is a Delaware corporation with a principal place of business in New Jersey, and that the Defendant has no known offices or assets in New Hampshire.  Desmit Aff., ¶ 8.  Desmit further states that he has learned that the Defendant may have inventory or other assets in the States of Florida, New York, Minnesota and New Jersey.  <u>Id.</u>

Federal courts have held that good cause exists to allow a plaintiff to register its judgment in foreign districts upon a showing that the defendant has substantial property in another district and that insufficient property exists in the rendering district to satisfy the judgment.  <u>See</u> <u>Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp.</u>, 128 F.R.D. 63, 68 (D.N.J. 1989); <u>In re S. Indus. Banking Corp.</u>, 121 B.R. 229, 232 (Bankr. E.D. Tenn. 1990).  Desmit's affidavit sufficiently demonstrates that Defendant has insufficient property in this district to satisfy the judgment, and that Defendant may have substantial property in other districts.  Defendant has not promised to post a bond for the amount of the judgment pending an appeal.  <u>See</u> <u>Cheminova A/S</u>

v. Griffin L.L.C., 182 F. Supp. 2d 68 (D.D.C. 2002) (good cause did not exist to allow plaintiff's motion to register judgment against its competitor in other fora even though defendant did not have any assets in the forum that issued the order enforcing binding arbitration since defendant promised to pay any award or post a bond for the full amount if ordered to do so).  I find, therefore, that good cause exists to allow Plaintiff to register its judgment in foreign districts.

   The Court further notes that as of October 13, 2005, the Defendant has not filed a notice of appeal of the default judgment.  Defendant's notice of appeal was due 30 days after the entry of the Court's August 19, 2005 order denying Defendant's motion to vacate the default judgment.  See Fed. R. App. P. 4(a).  Defendant's motion for reconsideration of the Court's August 19, 2005 order did not further toll Defendant's time to appeal.  See Stone v. INS, 514 U.S. 386, 400 (1995) (unless filed within 10 days after the judgment, the filing of a Rule 60(b) motion does not toll the running of the time for taking an appeal); Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 8 n.4 (1st Cir. 2005) (any motion for reconsideration filed after the ten-day period does not toll the time period for appealing the underlying order that

the party is asking to be reconsidered). Therefore, Defendant's time to appeal the default judgment has expired. Accordingly, even if the Plaintiff were not able to demonstrate good cause, an order directing that a certified judgment issue and granting the Plaintiff permission to register the judgment in other districts would be warranted.

## Conclusion

For the reasons set forth above, Plaintiff's motion for issuance of certified judgment and for permission to register judgment (document no. 23) is granted. The clerk is directed to issue a certified copy of the judgment. The Plaintiff is hereby granted permission to register the judgment in foreign districts pursuant to 28 U.S.C. § 1963. Since the Court denied Defendant's motion for reconsideration or for relief under Fed. R. Civ. P. 60(b)(3) and (6) (document no. 21) in a separate order issued this date, the clerk is further directed to close the case.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 13, 2005

cc:  David P. Eby, Esq.
     Robert E. McDaniel, Esq.