**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Mosaic Technology Corporation</u>

    v.                                           Civil No. 05-cv-043-JM

<u>Internet Now Technologies, LTD</u>

**<u>O R D E R</u>**

Defendant moves for reconsideration of the court's order denying its motion to vacate the default judgment entered in this action, or for relief under Fed. R. Civ. P. 60(b)(3) and 60(b)(6). Plaintiff filed an objection.

<u>Background</u>

Plaintiff Mosaic Technology Corporation ("Mosaic") is a New Hampshire corporation with a principal place of business in Salem, New Hampshire. Mosaic purchases high-end computer servers and components, refurbishes them, and sells the refurbished computer systems to end user clients nationwide.

Defendant Internet Now Technologies, Ltd. d/b/a iNow Technologies ("iNow"), is a Delaware corporation with a principal place of business in Fort Lee, New Jersey. iNow sells high-end computer servers and computer components. iNow's principals are

its CEO Mario Ruiz and a company owned by the family of iNow's CFO, CTO and Co-Director Alan Kaplan.[1]

On February 8, 2005, Mosaic commenced this action by filing a complaint alleging that iNow breached a contract under which Mosaic ordered certain high-end computer products from iNow for which it pre-paid over $1,400,000.  Mosaic alleged that iNow forwarded only roughly half of the ordered product and refused to refund the prepaid balance amount.  Mosaic further alleged that iNow sold some of the computer products for which Mosaic had pre-paid directly to Mosaic's customers interfering with Mosaic's business relationships.  Mosaic sought to recover the amounts owed on the contract and damages for iNow's alleged tortious interference with contractual and business relations, conversion and unfair and deceptive trade practices.  Mosaic mailed the complaint to iNow's CEO and CFO, but the complaint was not served under Fed. R. Civ. P. 4.  The parties made efforts were to resolve the dispute over the next two and one-half months.

On April 27, 2005, Mosaic served the summons and complaint on iNow's CEO by certified mail.  The receipt was signed by Colleen Santiago, iNow's former manager, who has stated in an

---

[1]Litigation between the principals of iNow has been ongoing in the New Jersey state courts since November 2004.

affidavit that she gave the materials to Ruiz.  On April 28, 2005, Mosaic served iNow's appointed agent for service of process by certified mail in Wilmington, Delaware.

iNow did not file an answer.  On June 3, 2005, the clerk entered a default and directed Mosaic to submit its motion for default judgment.  On June 15, 2005, pursuant to LR 55.1(a), Mosaic mailed a notice of default to iNow, to iNow's agent for service of process and to personal counsel for each of the corporate principals.[2]

Mosaic moved for the entry of a default judgment for a sum certain on July 5, 2005.  On July 6, 2005, Mosaic's counsel mailed copies of the motion to iNow's place of business, iNow's agent for service of process, and personal counsel for iNow's corporate principals.  On July 15, 2005, a default judgment in Mosaic's favor in the amount of $708,848.44 plus pre-judgment interest of $12,429.12 was entered.  On the same day, the next docket entry is iNow's motion to vacate default judgment.  Mosaic

---

[2]Although he did not file an appearance in this action, Kaplan's personal counsel sent a letter to the Clerk of Court dated June 29, 2005 indicating that he had received an entry of default as to iNow from Plaintiff's counsel.  See Document No. 8. Kaplan's counsel stated that "it is our understanding that INOW has not been served," and therefore he believed that the entry of default was premature.  Id.

filed an objection on August 15, 2005.

The Court denied iNow's motion to vacate default judgment by order dated August 19, 2005.  See Document No. 20.  The Court found that there was no doubt that service had been made on iNow.  The Court further found that iNow did not demonstrate that it had a meritorious defense.  The Court noted that Mosaic submitted an affidavit from the Defendant's CEO Ruiz.  In his affidavit, Ruiz acknowledged receipt of the service of process documents and that iNow owes Mosaic the amount of the judgment entered against it.

In the instant motion, iNow argues that it should be granted relief because the default judgment that was entered against it was obtained through collusion between Mosaic and iNow's CEO.  iNow argues that it is not liable to Mosaic on its breach of contract claim because iNow's CEO had the money to pay Mosaic, but instead forwarded that money to a third party with Mosaic's consent.  Mosaic denies these allegations.

## Discussion

Relief under Fed. R. Civ. P. 60(b) "is extraordinary in nature."  Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002).  Therefore, motions for relief under Rule 60(b) are only to be granted sparingly.  Id.  "To succeed on a Rule 60(b)

4

motion, the movant must show that (1) the motion is timely, (2) exceptional circumstances justify granting extraordinary relief, and (3) vacating the judgment will not cause unfair prejudice to the opposing party" Caisse v. DuBois, 346 F.3d 213, 215 (1st Cir. 2003).  The First Circuit has further found that the movant must "show that granting the motion will not be an 'empty exercise' by demonstrating that the underlying claim for relief is likely to succeed on the merits."  Id.

In an order issued on August 19, 2005, this Court found that iNow had not demonstrated that it was entitled to relief under Rule 60(b)(1).[3]  After reviewing iNow's motion for consideration, the Court finds no basis to vacate the August 19th order.  iNow still does not contest the validity of service upon it. Moreover, as the Court noted in its previous order, iNow cannot show that it is likely to succeed on the merits because its CEO has signed an affidavit that supports the entry of the judgment against iNow.  Accordingly, iNow has not demonstrated that reconsideration of its claim for relief under Fed. R. Civ. P. 60(b)(1) is warranted either because the Court overlooked "a

---

[3] Rule 60(b)(1) provides that a court may relieve a party from a final judgment based on mistake, inadvertence, surprise or excusable neglect.  Fed. R. Civ. P. 60(b).

relevant factor deserving of significant weight" or because the Court committed "a palpable error of judgment in calibrating the decisional scales." Serrano-Perez v. FMC Corp., 985 F.2d 625, 628 (1st Cir. 1993); see also Lumber Ins. Cos. v. Allen, 892 F. Supp. 31, 32 (D.N.H. 1993).

Having found no support for the motion for reconsideration, the Court considers whether iNow has established that it is entitled to relief under Fed. R. Civ. P. 60(b)(3) and 60(b)(6). Rule 60(b) provides in pertinent part that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominate intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of judgment.

Fed. R. Civ. P. 60(b). To be entitled to relief under Rule 60(b)(3), a movant must satisfy two requirements; first, the movant must demonstrate the opponent's misconduct by clear and convincing evidence, and second, the movant must show that the misconduct foreclosed full and fair preparation or presentation of its case. Karak, 288 F.3d at 21 (citing Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988)); see also United States Steel v. M. DeMatteo Constr. Co., 315 F.3d 43, 52-53 and n.10

(1st Cir. 2002); Tiller v. Baghdady, 294 F.3d 277, 280 (1st Cir. 2002).

iNow asserts that the default judgment entered in this case was the result of collusion between Mosaic and iNow's CEO Mario Ruiz.  Df.'s Mot. at 2, ¶ 1.  iNow alleges that Mosaic and Ruiz established a secret alliance and conspired to cause iNow's default.  Id.  iNow alleges that "the object of this collusion is to erode iNow, capture its intellectual property and its customer base, and place Mosaic in a more dominant position in the marketplace in derogation of the rights of iNow's other shareholders."  Id.  iNow supports its allegations with the affidavit from Alan Kaplan and documents attached thereto.

The allegations in Kaplan's affidavit are not entirely clear, and many of the allegations are plainly irrelevant to the instant action.  See e.g., Kaplan Aff., ¶ 9 (accusing Ruiz of interfering in interstate and international commerce through a pattern of racketeering activity including threatening to have Kaplan killed, diverting millions of dollars of cash and equity from iNow subsidiary companies, using iNow funds to bribe a judge in Ecuador to escape a criminal prosecution, and breaching his fiduciary duty to protect iNow).  To the extent that the

allegations in the affidavit pertain to Mosaic's claims, Kaplan's allegations of wrongdoing are focused primarily on the actions of iNow's CEO.  Kaplan complains that Ruiz did not inform Kaplan that Mosaic had served him with the suit papers, and did not inform Kaplan that Ruiz intended to cooperate with Mosaic in obtaining a judgment against iNow.  Kaplan Aff., ¶ 8.  Citing an e-mail that was allegedly sent from Mosaic's President, Tom Desmet, to Ruiz on July 19, 2005, Kaplan asserts that Mosaic unfairly solicited and affidavit in support of the default judgment from Ruiz.

Even assuming that Kaplan's allegations of Ruiz's failures to notify him of service of process or of Ruiz's willingness to sign an affidavit for Mosaic are accurate, those facts do not demonstrate Mosaic engaged in misconduct.  While the facts show that Plaintiff's President and Defendant's CEO communicated regarding Mosaic's motion for default judgment, there is no evidence Mosaic and Ruiz presented false information to the court.  iNow has not demonstrated that Ruiz's testimony that iNow owes the amount claimed by Mosaic is inaccurate.

Furthermore, Kaplan confirms in his affidavit that Mosaic wired iNow prepayments for the two purchase orders upon which

Mosaic sought collection in this action, and admits that iNow encountered a problem fulfilling the orders. Kaplan Aff., ¶¶ 20-22. To the extent that the Court can decipher Kaplan's remaining allegations, the upshot appears to be that Mosaic's original purchase orders were supplanted by other "secret" purchase orders, and that Mosaic consented to Ruiz forwarding money owed to Mosaic to Sun Microsystems. Id., ¶¶ 24-29.

The Court finds that iNow's collusion claim is not clearly supported by the evidence presented to the court, and is plainly contradicted by its CEO's affidavit. To be entitled to relief under Fed. R. Civ. P. 60(b)(3), iNow must demonstrate that Mosaic engaged in misconduct by clear and convincing evidence. iNow falls well short of that standard here.

Since iNow cannot demonstrate that Mosaic engaged in misconduct, iNow cannot show that Mosaic's misconduct prevented it from fully and fairly defending this action before the default judgment was entered against it. Thus, iNow has not demonstrated that it meets either of the two requirements for relief under Fed. R. Civ. P. 60(b)(3).

iNow further requests that the Court grant it relief from judgment under Fed. R. Civ. P. 60(b)(6). To obtain relief under

Rule 60(b)(6), "a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." <u>Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe</u>, 257 F.3d 58, 67 (1st Cir. 2001).  Rule 60(b)(6) does not apply to the facts of this case.  iNow's CEO and agent for service of process were served in this matter.  Moreover, personal counsel for iNow's CFO was provided notice of the entry of default and of the motion for default judgment, and iNow still did not respond promptly.  Thus, iNow cannot be found to be faultless in the delay.

## Conclusion

For the reason set forth above, Defendant's motion for reconsideration or for relief under Fed. R. Civ. P. 60(b)(3) and 60(b)(6) (document No. 21) is denied in its entirety.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 13, 2005

cc:  David P. Eby, Esq.
     Robert E. McDaniel, Esq.